UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Satiro Williams, # 304111, )
 )
 )
 )
 Plaintiff, ) C/A No. 6:13-2882-DCN-KFM
 )
vs. )
 )Report and Recommendation
Keith A. Fixel, Inspector in Charge; )
Sheri Hunter, Postal Director, *individually and in their*)
*official capacities*, )
 )
 )
 Defendants. )
_____ )

# Background of this Case

Plaintiff is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections. Information disclosed in Plaintiff's prior habeas corpus action, *Satiro Williams v. Gregory Knowlin, Warden of Turbeville Correctional Institution*, C. A. No. 6:09-2182-MBS-KFM, reveals that Plaintiff is serving concurrent terms of ten years and fifteen years for assault and battery of a high and aggravated nature and armed robbery. Defendant Keith A. Fixel is the Inspector-in-Charge for the United States Postal Inspection Service in Charlotte, North Carolina. Defendant Sheri Hunter is the Postal Director at the MacDougall Correctional Institution.

In his answers on page 2 of the Complaint, Plaintiff indicates that he is attempting to litigate the issues of mail tampering, "Conveyance of mail matter out of mail," and "misconduct in official capacity[.]" (ECF No. 1 at 2). In the "STATEMENT OF CLAIM" portion of the Complaint, Plaintiff alleges: **(1)** Plaintiff on July 25, 2011, mailed to his aunt

a fifteen-pound parcel by Certified Mail return receipt requested (*Id.* at 3); *(2)* on August 5, 2011, Plaintiff received two legal mail letters, which related to a "disposed of" case, from the interagency mail system at the Turbeville Correctional Institution (*Id.*); *(3)* Plaintiff had mailed those legal letters in the fifteen-pound parcel mailed on July 25, 2011 (*Id.*); *(4)* the fifteen pound parcel included books, various personal letters, "more legal and privileged correspondence," poems, speeches, and unpublished songs (*Id.*); *(5)* Defendant Hunter told Plaintiff she would do an incident report (*Id.*); *(6)* Plaintiff, through interagency correspondence, requested to know how mail personnel at the Turbeville Correctional Institution received Plaintiff's legal correspondence (*Id.*); *(7)* Plaintiff on August 8, 2011, filed a grievance based on mail tampering, which violated Plaintiff's First Amendment rights (*Id.* at 4); *(8)* during a prison visit on September 16, 2011 with his court-appointed guardian *ad litem*, Plaintiff learned that the guardian *ad litem* had received a parcel with no return address containing legal and privileged correspondence of Plaintiff mailed in the parcel of July 25, 2011 (*Id.* at 4–5); *(9)* Defendant Hunter and Ms. Way had "foreknowledge" of the incident because of the grievance, but denied responsibility for the matter (*Id.* at 5); *(10)* on September 19, 2011, Plaintiff filed a second grievance detailing the events of September 16, 2011 (*Id.*); *(11)* on September 20, 2011, Plaintiff sent a Request to Staff to Officer Harden of Property Control (*Id.* at 6); *(12)* on October 6, 2011, Plaintiff notified Defendant Fixel and Katherine Richardson of SLED about his complaint (*Id.*); *(13)* on October 18, 2011, Plaintiff, for the second time, requested a copy of the incident report for August 5, 2011 (*Id.*); *(14)* on December 6, 2011, Attorney Bennett introduced Plaintiff to Investigator Merv Powell of the SCDC Division of Investigations (*Id.*); *(15)* on March 15,

2012, Plaintiff requested to know the status of the mail tampering investigation (*Id.*); *(16)* on April 27, 2012, Plaintiff notified the United States Postal Inspection Service of his complaint (*Id.* at 6–7); *(17)* on April 30, 2012, Plaintiff notified the institutional mailroom coordinator of his concerns (*Id.* at 7); *(18)* after realizing that there was an eighteen-day gap between purchase and delivery, Plaintiff requested "all information" on the Certified Mail parcel (*Id.*); *(19)* on May 2, 2012, Plaintiff notified the Inspector General of the United States Postal Service and the Consumer Advocate for the United States Postal Service of Plaintiff's concerns (*Id.*); *(20)* the South Carolina Department of Corrections Grievance Branch may not render a decision prior to the running of the statute of limitations (*Id.*); *(21)* on November 20, 2012, Plaintiff notified the Postmaster General by Certified Mail of his complaint (*Id.* at 7–8); *(22)* on November 23, 2012, Plaintiff was notified that his claim had been denied and that he could appeal (*Id.* at 8); *(23)* on May 21, 2013, Plaintiff was apprised that his appeal had been denied and that he could appeal to a higher level (*Id.*); *(24)* on June 26, 2013, Plaintiff was notified that his final appeal had been denied (*Id.*); and *(25)* "Defendant Keith A. Fixel is bound by the apparent authority which a person of ordinary care and prudence would ascribe to Defendant Sheri Hunter from a long course of conduct by Defendant Hunter with the knowledge of Defendant Fixel." (*Id.*).

In his prayer for relief, Plaintiff seeks a declaratory judgment that the acts and omissions violated Plaintiff's rights, a preliminary injunction ordering video-monitoring of all institutional mailrooms in the South Carolina Department of Corrections, compensatory damages of $50,000 from each Defendant, punitive damages of $250,000 from each

Defendant, a jury trial, court costs, and other relief deemed just, proper and equitable by this Court (*Id.* at 9).

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The opening of Plaintiff's outgoing mail by South Carolina Department of Corrections personnel is not a constitutional violation. *See Altizer v. Deeds*, 191 F.3d 540, 547–48 (4th Cir. 1999) ("Without question, the opening and inspecting of an inmate's outgoing mail is reasonably related to legitimate penological interests, and, therefore, constitutional, and the cases cited by the district court are not to the contrary.").

The alleged failure by Postal Inspector Fixel to initiate a criminal investigation is not actionable because Plaintiff does not have standing to seek a criminal investigation of South Carolina Department of Corrections mailroom personnel. *See Linda R. S. v.*

4

*Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); and *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990).

Significantly, the Certified Mail receipt for the fifteen pound parcel (ECF No. 1-3 at 16–17) indicates, on the front and back of the form, that insurance coverage is ***not*** provided. Plaintiff, however, in his claim form (PS Form 1000) presented to the United States Postal Service (*Id.* at 32) on October 31, 2012, stated that the aggregate value of the fifteen pound parcel was fifty thousand dollars ($50,000). Plaintiff's exhibits indicate the United States Postal Service denied his claim and subsequent appeals because insurance was not purchased for the fifteen pound parcel (*Id.* at 34, 35, 36, and 37).

The opening of the outgoing parcel is not a constitutional violation of Plaintiff's right to counsel or right of access to the courts because the parcel was addressed to Plaintiff's aunt and was not addressed to an attorney or a clerk of court. *See Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he or she has suffered an actual injury or specific harm to his or her litigation efforts as a result of the defendant's actions); and *Lloyd v. Vincent*, C.A. No. 4:03-1546-25BH, 2004 WL 3249250, at *4 (D.S.C. Sept. 10, 2004) (noting that adverse consequences need to be shown when legal mail is improperly opened). As noted by Plaintiff, some of the legal materials in the parcel concerned a "disposed of" (closed) case (ECF No. 1 at 3). As a result, Plaintiff has failed to show a real injury with respect to the closed case. *Cf. Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded).

Moreover, there is no indication that Plaintiff marked the fifteen pound parcel with any notation indicating legal materials or confidential material were inside the parcel. *See McClure v. Cannon*, C.A. No. 3:07-0902-GRA, 2009 WL 386908, at *4 (D.S.C. Feb. 13, 2009) ("No constitutional violation arises if mail which is not properly marked (that the legal sender is specifically identified and the mail is marked confidential) is opened outside the inmate's presence.").

The loss or misdirection of Plaintiff's personal property in the fifteen pound parcel is not actionable because deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986). In *Daniels*, the Supreme Court overruled its earlier holding in *Parratt v. Taylor*, 451 U.S. 527 (1981) that negligent deprivations of property implicate due process interests. Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. In other words, "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989).

## Recommendation

Accordingly, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

October 24, 2013  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).